UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                18-cr-138 (JLS) (MJR)

ERIC YOUNG, and
SHAMAR DAVIS,

        Defendants.

---

## DECISION AND ORDER

Defendants Eric Young and Shamar Davis are charged in the Third Superseding Indictment in this case. *See* Dkt. 199. In particular, Young and Davis are charged with conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of a mixture and substance containing cocaine. *See id.* at Count 1. Young also is charged with possession with intent to distribute five kilograms or more of a mixture and substance containing cocaine on a date in July 2018, and with money laundering conspiracy. *See id.* at Counts 3, 4. And Davis is charged with attempted possession with intent to distribute five kilograms or more of a mixture and substance containing cocaine on a date in October 2017. *See id.* at Count 2.

United States Magistrate Judge Michael J. Roemer was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkts. 35, 60. This case, originally assigned to United States District Judge Lawrence J. Vilardo, was reassigned to this Court on January 3, 2020. Dkt. 176.

As relevant here,[1] Young moved to suppress statements made to law enforcement on July 21, 2018,[2] and physical evidence obtained as a result of a tracking warrant issued for a tractor trailer. *See* Dkt. 153, at 4, 5-7. The government opposed Young's motion. *See* Dkt. 166, at 13-14. Davis moved to suppress physical evidence obtained as a result of a November 14, 2018 cell-site location information warrant and a February 16, 2019 cell phone search warrant. *See* Dkt. 148; Dkt. 148-3, at 2-6, 7-8.[3] Davis also moved to suppress a pre-trial identification or, alternatively, for a *Wade* hearing to review the identification procedure and reliability. *See* Dkt. 148; Dkt. 148-3, at 6-7. The government opposed Davis's motions. *See* Dkt. 171, at 6-14.

Judge Roemer issued a Report and Recommendation ("R&R") on October 9, 2020, recommending that this Court: (1) deny Young's motion to suppress physical evidence; (2) deny Davis's motion to suppress physical evidence; and (3) deny Davis's motion to suppress the pre-trial identification of him, without a *Wade* hearing at this time, and without prejudice to renewing his motion with this Court before trial. *See* Dkt. 265, at 3-11.

Neither Young nor the government objected to the R&R with respect to his suppression motions, and the time to do so has expired. *See* Dkt. 279; *see also* 28

---

[1] Young and Davis—and their remaining co-defendants—filed several other motions as well, which Judge Roemer resolved in the order portion of his Report, Recommendation, and Order. *See generally* Dkt. 265. Only the suppression motions remain unresolved. *See id.* at 2-3.

[2] *See infra* note 5.

[3] Page references to Dkt. 148-3 are to the numbering in the footer of each page, as opposed to the numbering automatically generated by CM/ECF.

U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2). On October 21, 2020, Davis objected to the portion of R&R addressing his motion to suppress the pre-trial identification. *See* Dkt. 269. Davis did not object to the portion of the R&R addressing his motion to suppress physical evidence. *See id.*; Dkt. 279. The government responded in opposition to Davis's objections. *See* Dkt. 280. Davis filed a reply in further support of his objections. *See* Dkt. 282.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). It need not review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn,* 474 U.S. 140, 149-50 (1985).

The Court first will address Davis's objections. Davis objects to the R&R's conclusion that he is not entitled to a *Wade* hearing at this time. *See* Dkt. 269, at 2. Davis also objects to the R&R citing the government's unsworn representation regarding the relationship between him and the person who identified him as a basis for denying his motion. *See id.* In other words, he objects to what he views as the R&R determining the reliability of the identification based on the government's representation. Davis suggests that the Court should order a pre-*Wade* hearing, borrowing the procedure New York's state courts employ pursuant to *People v. Rodriguez,* 79 N.Y.2d 445 (1992). *See* Dkt. 269, at 3-4.

With respect to Davis's objections, the Court carefully reviewed Judge Roemer's R&R, the objections and responses, and the relevant record. Based on a *de novo*

3

review, the Court accepts and adopts Judge Roemer's recommendations to deny Davis's motion to suppress the identification and to deny his request for a *Wade* hearing at this time, without prejudice to renewing closer to trial.

Davis's objections present a single issue: when the Court should evaluate the disputed pre-trial identification. Neither the R&R nor this decision forecloses Davis from obtaining a hearing; therefore, the Court does not resolve Davis's requests for suppression or a hearing based solely on the government's representations about the reliability of the identification. *Cf.* Dkt. 282, at 3. Davis may renew his motion after reviewing additional discovery from the government[4]—for example, as a motion *in limine* for the Court to resolve before trial. This opportunity protects against any harm to Davis's constitutional rights that could occur if a faulty identification were presented to the jury. *See, e.g., Manson v. Brathwaite*, 432 U.S. 98, 112-14 (1977) ("*Wade* and its companion cases reflect the concern that the jury not hear eyewitness testimony unless that evidence has aspects of reliability."); *United States v. Wong*, 40 F.3d 1347, 1359 (2d Cir. 1994) (describing the "two-step inquiry for evaluating the constitutional permissibility of in-court identification testimony based on out-of-court identification procedures").

Though not required to do so, this Court also reviewed Judge Roemer's R&R as it pertains to Davis and Young's motions to suppress physical evidence and the record relevant to those motions. Based on that review and absent any objections, the Court

---

[4] The government confirmed that it will produce witness names and the discovery required by 18 U.S.C. § 3500 before trial. *See* Dkt. 280, at 8.

accepts and adopts Judge Roemer's recommendations to deny Young's motion to suppress physical evidence and to deny Davis's motion to suppress physical evidence.[5]

## CONCLUSION

For the reasons stated above and in the R&R, the Court:

- DENIES Young's motion to suppress statements and physical evidence (Dkt. 153);

- DENIES Davis's motion to suppress physical evidence (Dkt. 148); and

- DENIES Davis's motion to suppress pre-trial identification and, alternatively, for a *Wade* hearing, without prejudice to renewing the motion at the time trial (Dkt. 148).

The parties shall appear before this Court on December 9, 2020, at 10:00 a.m. for a status conference to set a trial date.

SO ORDERED.

Dated:  December 7, 2020
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The R&R denied Young's motion to suppress statements as moot after learning that Young made no statements to law enforcement following his arrest. *See* Dkt. 265, at 3 n.4. To the extent it is necessary—and absent any objections from Young—the Court accepts and adopts that denial.